IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| RLI INSURANCE COMPANY, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:07-CV-1256-M |
| v. | § | |
| | § | |
| ALLSTATE COUNTY MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Transfer Venue to the Southern District of Texas (Docket No. 11), filed by Defendant Allstate County Mutual Insurance Company ("Allstate"). For the reasons stated below, Defendant's Motion is GRANTED.

### I.  BACKGROUND

Defendant Allstate is a Texas corporation with its home office in Irving, Texas. Plaintiff RLI is an Illinois corporation that maintains its principal place of business in Peoria, Illinois. Complete diversity of citizenship exists among the parties.

On July 16, 2007, RLI, an excess liability insurance carrier, filed suit against Allstate, a primary insurance carrier, alleging that Allstate negligently failed to settle a state court personal injury suit against RLI and Allstate's mutual insured, Elliott English. The underlying lawsuit, *Russell Edwards and Chandel Edwards v. Elliott English*, Cause No. D-0174261, filed in the 136th Judicial District of Jefferson County, Texas, arose from a 2004 automobile accident in Beaumont, Texas. Defendant seeks a transfer to the Southern District of Texas, Houston Division, arguing that Houston is a proper venue and a clearly more convenient forum.

1

## II. ANALYSIS

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this statute is to "place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration." *Matosky v. Manning*, No. SA-07- CV-051-WRF, 2007 U.S. Dist. LEXIS 39748, 2007 WL 1512027, at *2 (W.D. Tex. 2007) (quoting *Stewart Org., Inc. v. Ricoh Corp*., 487 U.S. 22, 29 (1988)). It is clear that a court should consider the plaintiff's forum choice as one of the factors in the analysis, but the plaintiff's forum choice by itself is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003); *accord In re Volkswagen of Am. Inc. (*hereinafter "*Volkswagen II*"*)*, 506 F.3d 376, 384 (5th Cir. 2007), *reh'g granted*, 2008 U.S. App. LEXIS 3322 (5th Cir. Feb. 14, 2008) ("When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is clearly more convenient, a transfer should be ordered.").[1]

When a motion is brought challenging the plaintiff's chosen forum, the defendant has the burden of demonstrating why the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). The Fifth Circuit has established a multi-part analysis for a district court to determine if this burden has been met. The district court must consider a number of private and public interest factors. *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the

---

[1] Rehearing en banc has been granted in *Volkswagen II*, meaning that the panel opinion is no longer good law. *Byrne v. Butler*, 845 F.2d 501, 507 (5th Cir. 1988) ("as we have stressed, [t]he grant of a rehearing en banc vacates the panel opinion, which thereafter has no force."). However, the Court does not anticipate a change to the transfer analysis under the facts of this case.

cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.*

Because the underlying case arises out of an automobile accident that occurred in the Southern District of Texas, this action could have been filed there. *See* 28 U.S.C. § 1391(a)(1). Plaintiff does not dispute that conclusion. Thus, the question becomes whether, in the interest of justice, the private and public interest factors support transfer to the Southern District of Texas.

### 1. **Private Interest Factors**

*Relative ease of access to sources of proof*

The Fifth Circuit has not abandoned consideration of the relative ease of access to sources of proof, although electronic transfers of information might have decreased that factor's significance. *Volkswagen I,* 371 F.3d at 203 (listing factors to be considered). Defendant argues that all of the documents and other physical evidence related to the dispute are located in Allstate's Houston office, and that the collision site is also in the transferee district. Plaintiff alleges that documentary proof is currently stored at the offices of Plaintiff's counsel in Dallas and Defendant's counsel in Houston, and that the parties have made their respective documents available for review.

In *Volkswagen I*, the Fifth Circuit made clear that "the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)," finding such consideration to be an abuse of discretion. *Volkswagen I*, 371 F.3d at 206. Attorneys may not

3

manipulate the transfer analysis simply by moving documents to their offices. Because the original location of the documents, physical evidence, and collision site were in the transferee district, the Court finds this factor weighs in favor of transfer.

*Availability of compulsory process to secure the attendance of witnesses*

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) mandates that a subpoena must be quashed or modified by the issuing court when the subpoena requires "a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held." Rule 45(c)(3)(B)(iii) provides that issuing courts *may* quash or modify subpoenas if they require "a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial." All of the named witnesses reside more than 100 miles from this Court and within 100 miles of the Southern District, with the exception of Plaintiff's witness in Illinois, described below.

Plaintiff argues that Allstate's personnel are party witnesses, who are required to testify in the Northern District. Rule 45 does not allow for subpoenas to be quashed based on distance if they are issued to parties or party officers. Thus, the Allstate personnel who made the decision not to offer policy limits to settle the underlying suit could be compelled to attend trial.

Defendant argues that the attorney hired by Allstate to defend its insured in the underlying suit resides approximately 240 miles from this Court and is therefore outside of this Court's subpoena power. Defendant further argues that the testimony of two other persons, the remaining plaintiff[2] in the underlying suit, and her attorney, is relevant to show the reasonableness of Allstate's conduct. These individuals live approximately 290 miles from this

---

[2] Allstate settled the claim of Russell Edwards, the other plaintiff, prior to trial.

4

Court, so Defendant argues they could quash any trial subpoena issued for appearance at this Court. Plaintiff argues that the testimony of the plaintiff in the underlying litigation is not relevant.

Even if the Court were to assume that all of these witnesses were neither parties nor the parties' officers, with the exception of Plaintiff's witness, who resides in Illinois and is described below, they all reside within the state of Texas. Rule 45(c)(3)(A)(iii) allows this Court to compel the attendance of anyone within the state. The Court has discretion under Rule 45(c)(3)(B)(iii) to quash subpoenas for those further than 100 miles who would incur substantial expense. Nevertheless, the Court must consider the *availability* of compulsory process. Compulsory process is available in this Court.

The same witnesses could be compelled to appear in the Southern District, and it should be noted that the Southern District would not be able to quash any subpoenas for witnesses residing within 100 miles. Because both districts *could* compel the attendance of witnesses, this factor is neutral on its face. However, because the Southern District has an absolute power to compel the attendance of the witnesses, and the transfer analysis is focused on convenience, this factor might weigh in favor of transfer.[3]

*Cost of attendance for willing witnesses*

Plaintiff argues that the cost for its witness, Susan Hess ("Hess"), to attend a trial in the Southern District of Texas would be greater than for attending trial in the Northern District of Texas. Plaintiff argues that since there are no non-stop flights from Peoria, Illinois, where Hess

---

[3] The Court finds the Fifth Circuit's analysis on this subject, though not precedential, to be persuasive:
> A proper venue that does enjoy *absolute* subpoena power for both depositions and trial--the Dallas Division--is available. As we noted above, and as § 1404 clearly indicates, venue transfer analysis is concerned with convenience. That the district court can deny any motions to quash does not address concerns regarding the convenience of parties and witnesses. Indeed, this rationale simply asserts that a district court, at some burden to the parties, will likely be able to enforce an option that is inconvenient to witnesses.

*Volkswagen II*, 506 F.3d at 385.

is located, to Houston, Texas, Hess would have a layover in Atlanta, Georgia, incurring additional cost and inconvenience. Plaintiff also maintains an office in Irving, Texas, near Dallas, and argues that it would be more economical and convenient for its witness to travel from Peoria to Dallas, rather than Houston. In her affidavit, Hess asserts that a trip to Dallas would enable her "to attend multiple meetings, mediations, depositions, etc. on a variety of cases or matters (related to RLI)." Hess further states that a trip to the Southern District of Texas would require additional time and money and that she would have to "make a special trip to Houston for the sole purpose of attending the matter related to this suit."

Plaintiff's argument that this district would be a more convenient forum because of the proximity of Plaintiff's office in Irving, Texas to this Court is not compelling. Hess does not live near or work in Plaintiff's Irving office. The Court must take into consideration the cost of attendance for all witnesses. All of the other witnesses reside in or around Houston and the overall cost for witnesses traveling to attend a trial in the transferee district would be minimal when compared to the overall cost of witnesses to attend a trial in this district. Accordingly, this factor weighs in favor of transfer.

*Practical considerations for expeditious adjudication*

This case is still in its nascent stages. Discovery has only recently begun, and the trial date has been set for January, 2009. Since neither party would likely suffer any prejudice if the Court transferred this matter, this factor is neutral.

## 2. Public Interest Factors

It is well-established that the local interest in deciding local issues at home favors transfer to a venue that will vindicate such an interest. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). The Fifth Circuit has noted that when the underlying facts of a case are

overwhelmingly tied to one locale, such as the site of a collision, then the place of the alleged wrong is a consideration to be considered within the analysis of the local interest in having localized interests decided at home. *Volkswagen I,* 371 F.3d at 205. Here the underlying accident and the underlying lawsuit were in Beaumont, which is approximately 88 miles from Houston. Decisions affecting the settlement of the underlying lawsuit, giving rise to this action, occurred in Houston. Accordingly, this factor weighs heavily in favor of transfer.

The parties do not contend that the remaining public interest factors—administrative difficulties flowing from court congestion, familiarity of the forum with the law governing the case, and avoidance of unnecessary problems of conflict of laws—impact the transfer of venue analysis. These factors are therefore neutral.

Considering all of the § 1404(a) factors, the Court finds that the Southern District of Texas is the clearly more convenient forum. Defendant has met its burden of demonstrating that transfer is warranted. Documents and physical evidence are located in the transferee district. Most of the witnesses are located in or near Houston, Texas. The cost and inconvenience for most witnesses to attend a trial in the Southern District of Texas would be slight as compared to the cost and inconvenience for witnesses to attend a trial in the Northern District of Texas. For the foregoing reasons, the Defendant's Motion to Transfer Venue is **GRANTED**.

**SO ORDERED.**

**DATED**: May 28, 2008.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**